George ENG, Joel Clayman, Ronald West, Martin Spence, John Griffin, Joseph Rivera, Raheem Supreme, Alonzo Starling, Kevin Richardson, Individually and on behalf of all persons similarly situated, Plaintiffs,

v.

Thomas COUGHLIN, III, Commissioner of Corrections for the State of New York; Arthur Leonardo, Deputy Commissioner of Correctional Services; Donald Selsky, Acting Director of Special Housing, Department of Correctional Services; Harold J. Smith, Superintendent, Attica Correctional Facility; James Cochran, Deputy Superintendent, Attica Correctional Facility; William McAnulty, Deputy Superintendent, Attica Correctional Facility, in their official capacities, Defendants.

No. CIV–80–385T.

United States District Court, W.D. New York.

Nov. 22, 1989.

Robert Lonski, Buffalo, N.Y., for plaintiffs.

N.Y. State Atty. Gen. (Charles D. Steinman, Asst. Atty. Gen. of counsel), Rochester, N.Y., U.S. Attys. Office (Kathleen M. Mehltretter, Asst. U.S. Atty., of counsel), Buffalo, N.Y., for defendants.

David Rowley, Rowley, Forest & O'Donnell, Albany, N.Y., for intervenors.

DECISION AND ORDER

TELESCA, Chief Judge.

Plaintiffs move pursuant to Fed.R. Crim.P. 6(e)(3)(C)(i) for an order to disclose testimony given before a federal grand jury which was convened September 16, 1985 to investigate allegations of mistreatment of prisoners by Attica Correctional Facility officers.* Certain individual employees of the New York State Department of Correctional Services ("DOCS") have cross-moved to intervene in this action for the limited purpose of opposing disclosure of the testimony which they gave before the Grand Jury. This cross-motion is granted. Fed.R.Civ.P. 24(a). For the reasons discussed briefly below, I defer deci-

---

* For a discussion of the background of this case, *see Eng v. Coughlin*, 865 F.2d 521 (2d Cir.1989).

sion on plaintiffs' motion to compel disclosure of the grand jury testimony pending my receipt and *in camera* review of such testimony.

Fed.R.Crim.P. 6(e)(2) codifies the "seal of secrecy" which has been historically imposed upon grand jury proceedings. Fed. R.Crim.P. 6, Notes of Advisory Committee. Subdivision (e), subsection (3) of Rule 6 articulates the exceptions to that general rule of secrecy. In relevant part, it provides that disclosure which would otherwise be prohibited is permitted

> (i) when so directed by a court preliminarily to or in connection with a judicial proceeding[.]

As the Supreme Court has acknowledged, "Neither the text of the rule nor the accompanying commentary describes any substantive standard governing issuance of such orders." The courts have, however, "consistently construed the rule [ ] to require a *strong showing of particularized need* for grand jury materials before any disclosure will be permitted." *U.S. v. Sells Engineering, Inc.*, 463 U.S. 418, 103 S.Ct. 3133, 3148, 77 L.Ed.2d 743 (1983) (emphasis added). A party seeking grand jury transcripts under Rule 6(e) must show that the material sought "is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that [the] request is structured to cover only material so needed. ..." *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 222, 99 S.Ct. 1667, 1674, 60 L.Ed.2d 156 (1979).

A showing, however strong, that the material sought is merely relevant to another action does not justify its disclosure. *Sells Engineering*, 103 S.Ct. at 3149. And, even should a party adequately demonstrate a particularized need for grand jury materials so as to warrant their disclosure, the "policies of Rule 6 require that any disclosure to attorneys other than prosecutors be judicially supervised rather than automatic." *Id.* at 3144.

In this case, plaintiffs state that the testimony is required, notwithstanding the extensive discovery of DOCS personnel which

plaintiffs have already undertaken in this civil action, because of the "Code of Silence" in place among correctional officers, "an unspoken, unwritten understanding [among] DOCS employees which prohibits them from coming forward with evidence confirming that fellow colleagues participated in unauthorized conduct which, if revealed, would result in disciplinary sanctions against them." Plaintiffs have submitted excerpts from the deposition testimony of DOCS employees to demonstrate their adherence to this "Code of Silence." They argue that testimony given before the grand jury, possibly under the grant of immunity, may serve to impeach or to refresh the memories of these witnesses in this action.

■ In opposition to this application for disclosure of the grand jury testimony, both the United States Attorney and the New York State Attorney General argue that plaintiffs have failed to demonstrate any particularized need for the grand jury materials which cannot be met through other sources. While the possibility of obtaining information from alternative sources is an important factor, it does not determine whether grand jury testimony may be disclosed. Even were all relevant material, including bases for impeachment, obtainable through the civil discovery tools available to the plaintiffs, there is no *per se* rule against disclosure of related grand jury testimony. *U.S. v. John Doe, Inc. I*, 481 U.S. 102, 107 S.Ct. 1656, 1664, 95 L.Ed.2d 94 (1987).

■ Accordingly, I find that plaintiffs have made a sufficiently strong showing to justify an *in camera* review of the grand jury testimony in order to determine whether, and to what extent, it should be disclosed. I find that such *in camera* review will adequately protect not only the integrity of the grand jury system but also the personal interests expressed by the individual intervenors. I further find that, in order to structure any disclosure as narrowly as possible, the Court requires a list of the names and official positions of all witnesses who have been deposed by plaintiffs in this action, as well as a list of

42

names of any other individuals whom plaintiffs' attorneys believe, in good faith, may have testified, or been the subject of testimony, before the grand jury. *See Sells Engineering,* 103 S.Ct. at 3148.

WHEREFORE, the motion of John Doe, John Smith and William Stranahan to intervene in this action for the limited purpose of opposing disclosure of the grand jury testimony is granted pursuant to Fed.R. Civ.P. 24; the United States Attorney is ordered to provide to this Court the transcripts of the proceedings of the grand jury convened September 16, 1985, for purposes of an *in camera* review, following which this Court shall decide the extent to which plaintiffs' application for disclosure of that testimony will be granted.

ALL OF THE ABOVE IS SO ORDERED.

